RIDER, Plaintiff-Appellant, v. RIDER, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3891.   Decided April 10, 1957.

Eugene Fox, Youngstown, for plaintiff-appellant.
Robert Weimer, Youngstown, for defendant-appellee.

## OPINION

By GRIFFITH, J.

On June 28, 1954, Audrey Rider filed a petition in the Court of Common Pleas of Mahoning County against his wife, Elsin Kaye Rider, praying for divorce and custody of their twenty-one month old child, Diane Shiela. Service was had by publication. Divorce was granted December 2, 1954, and the court awarded custody of the child as disclosed by the following words in the journal entry:—

"The plaintiff now having the custody of said minor child, it is hereby ordered that said custody shall continue until such time as the court has a full hearing on the motion of the defendant for the custody of said minor child."

On August 8, 1956, motion of the defendant for change of custody was filed. Later hearing was had on this motion. The hearing commenced on August 27, 1956, and concluded on the 28th. Eleven witnesses appeared and testified and twenty-seven exhibits were admitted in evidence.

There is before us a complete transcript of the hearing on this motion to change custody and it is filed as a bill of exceptions.

The transcript reveals that the hearing was had before the Hon. Joseph N. Higley, Jr., Referee.

On September 10, 1956, a journal was filed ordering a change of custody to the mother, signed by the judge of the Common Pleas Court, Division of Domestic Relations, and approved by all counsel.

This order of the change of custody is the basis of this appeal, and we go no farther back than passing on the validity of this custody order.

The bill of exceptions comprising 200 pages, reveals that the witnesses appeared and testified before the referee and not before the judge.

Under the chapter of common pleas court trial procedure we have §2315.26 R. C., which provides:—

"Any of the issues in an action or proceeding may be referred to a referee by the court, or a judge thereof in vacation, upon the written consent of the parties, or upon their oral consent in court entered upon the journal."

Also see §§2311.04, 2315.26, 2315.27, 2315.30, 2315.31, 2315.32, 2315.33 and 2315.28 R. C.

Under the chapter of divorce and alimony we have §3105.10 R. C., which provides in mandatory terms in part as follows:—

"The court of common pleas shall hear any of the causes for di-divorce charged in the petition * * *."

In the recent case of Perry v. Perry, 100 Oh Ap 15 (1955), the court of appeals of the Fourth District held:—

"In the hearing of a divorce case, the judge must personally hear and determine the cause, and no reference to another judge or referee can be allowed, even by consent of both parties."

In reference to §3105.10 R. C., the Supreme Court had this to say on page 541 of 118 Oh St:—

"It is unnecessary to waste words in pointing out the soundness of this provision. Where the continuance of the marriage contract and the custody of children are involved in the controversy, the personal attitude of the parties, their bearing and demeanor, necessarily and rightly guide and influence the judge in his decision. It would be a mistaken public policy which would enable a judge to refer divorce cases in a crowded county, like Hamilton or Cuyahoga, to this, that, or the other nonelective referee, and then approve a typewritten decision, without seeing before him the husband and wife whose relations are at stake. It is because of this fact that it has generally been held that reference in divorce cases will not be allowed, even by consent of both parties."

It has been authoritatively determined that in the trial of a divorce proceeding in Ohio the judge must personally hear and determine the cause, and cannot refer the issues of fact and law to a referee for finding and decision.

We believe that the command embraced in §3105.10 R. C., reaches beyond "hearing any of the causes for divorce" and includes hearing evidence as to the custody of children.

The hearing on August 27th and 28th before the referee is a nullity,

and any orders made as a result of such hearing can have no binding force as to the custody of this minor child.

Wherefore the judgment of the Court of Common Pleas, Division of Domestic Relations, is reversed, and the cause is remanded for the purpose only of having the court consider the single question of care, custody and control of the minor child of the parties.

Judgment reversed and cause remanded.

PHILLIPS, J, concurs.
NICHOLS, J, dissents.